UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott Malcolm and Tim McGough,            Civil No. 06-1005 (PAM/JSM)
as Trustees of the Carpenters and Joiners
Welfare Fund, Twin City Carpenters
Pension Master Trust Fund, Carpenters
and Joiners Apprenticeship and
Journeymen Training Trust Fund, and
Twin City Carpenters Vacation Fund;
and each of their successors,

         Plaintiffs,

v.                                                  **MEMORANDUM AND ORDER**

Construction Concepts of Austin, Inc. and
Jerry Fuerstenberg, individually,

         Defendants.

---

       This matter is before the Court on Plaintiffs' Motion for Entry of Default. For the reasons that follow, the Court grants the Motion.

       Plaintiffs filed a Summons and Complaint in this matter on March 8, 2006. The service of the Summons and Complaint was accomplished on Defendants on March 13, 2006. Defendants have not filed or served a response or answer to the Complaint.

       Plaintiffs are trustees and fiduciaries of the above-referenced funds (the "Funds"). The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide pension, health and welfare vacation benefits, and training to employees doing carpentry work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement ("CBA"). All contributions must be made and

all reports must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the trustees.

Defendants were bound to the terms of a CBA between the Lakes and Plains Regional Council of Carpenters and Joiners and the Carpentry Contractors Association and the Minnesota Drywall and Plaster Association. The CBA obligates Defendants to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' agent on or before the 15th day of the month following the month for which the contribution is being made. The CBA and trust agreements provide that an employer is liable for an additional 10% of all contributions that are not timely submitted for liquidated damages, and also provides that Plaintiffs are entitled to attorneys' fees and costs incurred in recovering amounts owed.

Defendants failed to timely submit the fringe fund reports and contributions for the months of January, February, March, April, and May 2006, but they submitted the reports after receiving notice of the Motion. The total amount due for fringe benefit contributions for these months was $142,053.41. The amount of liquidated damages for these months is $12,929.29.[1] Defendants are entitled to a credit of $142,012.41 for payments made to Plaintiffs. The amount remaining after the credit is applied is $12,970.29.

---

[1] There are no liquidated damages due for May 2006 because fringe benefit contributions for that month were timely paid. Thus, the amount of liquidated damages is 10% of $129,292.94.

The Court finds that Defendants are in default, and Plaintiffs are entitled to an entry of money judgment. See Fed. R. Civ. P. 55. Defendants owe Plaintiffs $12,970.29 for fringe benefit contributions and liquidated damages remaining due for the months of January, February, March, April, and May 2006. Defendants also owe Plaintiffs $1,572.39 for attorneys' fees and costs reasonably incurred in the prosecution of Plaintiffs' claims. Id.

Accordingly, based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Entry of Money Judgment (Docket No. 5) is **GRANTED**;
2. Judgment in the amount of $14,542.68 is entered against Defendants in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 22, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge